HOSKINS v. HOSKINS.

1. **Will**: CONSTRUCTION: REMAINDER. A testator devised one-half his estate to one of his daughters, and the other half to his wife to hold so long as she should remain his widow, with remainder in fee to his other daughter; the widow elected to take her right of dower: *Held*, that the second daughter became entitled to one-sixth of the estate under the will.

*Appeal from Jefferson Circuit Court.*

MONDAY, JUNE 12.

The plaintiff alleges that she owns an undivided one-third of certain land described in her petition, and that the defendant owns an undivided two-thirds thereof, and she asks that the same be partitioned.

The defendant, for answer, alleges that she owns an undivided five-sixths of the land described, and that the plaintiff owns one-sixth, and defendant asks that the land be partitioned accordingly.

The court rendered judgment of partition as claimed by defendant. Plaintiff appeals.

*Stubbs & Leggett*, for appellant.

*Slagle & Acheson*, for appellee.

DAY, J.—The court found the facts to be as follows:

1. That the plaintiff, Ellen Hoskins, and the defendant, Lydia Ann Hoskins, are children, and the only heirs at law, of Jonathan Hoskins, deceased.

2. That said Jonathan, at the time of his death, was the owner of the lands described in the petition.

3. That Jonathan Hoskins executed a will, a true copy of which is given in the petition, and which will has been duly admitted to probate.

4. That the widow, Elizabeth, who is also the mother of plaintiff (the defendant being a child of said Jonathan by a former marriage), relinquished her rights under the will and elected to take her dower rights, and filed a petition to have her dower admeasured.

5. That the referees appointed to admeasure the dower reported that the same could not be admeasured without material injury to the remainder of the lands, and thereupon the defendant purchased the interest of the widow in said lands, and received a conveyance from her of an undivided one-third interest in and to said lands.

The portion of the will material to a determination of this case is as follows: " I do will and bequeath to my beloved wife, Elizabeth Caroline Hoskins, one-half of my real estate, to hold and keep as long as she remains my widow, then to fall in fee simple to my daughter, Ellen Hoskins. I do will to my daughter, Lydia Ann Hoskins, after I am done with it, the remaining one-half of my real estate, to hold in fee simple forever, the land to be divided according to value."

As a conclusion of law, from the foregoing facts, the court found that the plaintiff is the owner in fee simple of an undivided one-sixth of the land in controversy, and that the defendant is the owner in fee simple of an undivided five-sixths thereof.

The devise to Lydia Ann is absolute of one-half of the estate. The devise to Ellen is encumbered with the life estate of the widow, her mother. The intention of the testator seems to have been to give one-half of his real estate to his daughter Lydia Ann, and to divide the other half between his daughter Ellen and her mother, a life estate, or an estate during widowhood, to the mother, with remainder in fee to the daughter. Appellant insists that the effect of the refusal of the widow to take under the will, and her election to have her dower assigned, is to release the share of Ellen of the life estate, and that the dower must be taken equally from the shares of the two daughters, thus leaving each of them one-third. Such a construction would entirely defeat all the purposes of the will. The testator discriminated between his two daughters, and gave the more valuable estate to Lydia Ann. The division contended for not only makes them equal, but it is the division which the law would have made in the absence of any will. Thus the will is utterly ignored.

We think the construction placed upon the will by the court below is correct.

AFFIRMED.